**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **RAYQUON COLEMAN,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**DR. MONTGOMERY,**<br><br>**Defendant.** | **Case No. 26-cv-992-NJR** |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Rayquon Coleman, an inmate of the Illinois Department of Corrections who is currently incarcerated at Big Muddy River Correctional Center ("Big Muddy"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Coleman alleges that Dr. Montgomery was deliberately indifferent in treating his cataract and associated pain.

The case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

**The Complaint**

Before he arrived at Big Muddy, Coleman was diagnosed with a cataract in his right eye (Doc. 1, p. 2). In February 2025, Coleman transferred to Big Muddy, and he told the nurse about his cataract at intake. She placed him on the call line for the eye doctor (*Id.*). Coleman eventually saw Dr. Montgomery and confirmed the diagnosis of a cataract (*Id.* at pp. 2-3). Dr. Montgomery indicated that he would place Coleman on the waitlist for surgery (*Id.*).

In June, Coleman noticed pain and blurry vision in his right eye (Doc. 1, p. 3). He again submitted requests to see Dr. Montgomery, but he did not receive an appointment. In August, he felt something moving in his right eye and he experienced worsening vision (*Id.*). His continued requests to be seen went unanswered. Coleman alleges that he submitted at least six requests to see Dr. Montgomery from June through December 2025 (*Id.*). He developed stabbing pain in his eye and eventually lost all vision in the eye (*Id.*). In December, he enlisted the aid of a fellow inmate to submit a grievance (*Id.*). Coleman notes that the grievance was deemed an emergency but, as of the filing of his Complaint, he had yet to receive a response (*Id.*).

Coleman continued to submit sick call requests through early 2026 (Doc. 1, pp. 3-4). He continued to suffer from stabbing pain, blindness, dizziness, and headaches (*Id.*). In April 2026, he finally saw Dr. Montgomery (*Id.*). Dr. Montgomery acknowledged receiving all of Coleman's prior requests but explained that he waited to see Coleman because he was already on the waitlist for surgery (*Id.* at p. 4). Dr. Montgomery examined Coleman and noted that his cataract was moving (*Id.*). He stated that he would provide

Coleman with some drops for his eye and inquire into moving Coleman up on the surgery waitlist (*Id.*). He did not prescribe any pain medication despite Coleman informing the doctor of the stabbing pain and headaches (*Id.*).

Coleman notes that as of the filing of his Complaint, he still has not received surgery for his cataract. He continues to suffer from extreme pain and complete blindness in his right eye (Doc. 1, p. 4). It is unclear whether Coleman received the drops allegedly prescribed by Dr. Montgomery (*Id.*).

## Discussion

Based on the allegations in the Complaint, the Court designates the following counts:

**Count 1:** **Eighth Amendment deliberate indifference to medical needs claim against Dr. Montgomery for the denial and delays in care for Coleman's cataract and right eye pain.**

**Count 2:** **Illinois state law claim for medical malpractice against Dr. Montgomery for the denial and delays in care for Coleman's cataract and right eye pain.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[1]

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

At this stage, Coleman states a viable claim under the Eighth Amendment for the delays in care of his right eye. *See Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (delay in treatment).[2] Coleman also states a viable medical malpractice claim for the delays in his care. Thus, the Court will exercise supplemental jurisdiction over the related state law claim. 28 U.S.C. § 1367(a). Coleman has not provided the affidavit and medical report required by 735 ILCS § 5/2-622, but the omission of these documents is not dispositive of his claim at screening. Coleman must, however, submit the required documents to survive summary judgment. *See Young v. United States*, 942 F.3d 349, 351-52 (7th Cir. 2019).

**Motion for Preliminary Injunction**

In addition to his Complaint, Coleman filed a motion for temporary restraining order and/or preliminary injunction (Doc. 2) seeking surgery for his cataract. The Court previously denied his request for a temporary restraining order finding that Coleman had not made the required showing for immediate relief (Doc. 4). To the extent that he seeks a preliminary injunction, the Court **ADDS** the current warden of Big Muddy,

[2] Coleman notes that he submitted an emergency grievance regarding his eye care (and the warden deemed it an emergency), but he never received a response (Doc. 1, p. 3). Exhaustion normally must occur prior to filing a lawsuit. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). Although the failure to exhaust administrative remedies is an affirmative defense usually raised by the defendants, a pleading can fail to state a claim if the failure to exhaust is apparent from the face of the complaint. *Walker v. Thompson,* 288 F.3d 1005, 1009–10 (7th Cir. 2002) (dismissal is appropriate "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous"). The Court cannot say that it is apparent from the face of the Complaint that Coleman has failed to exhaust his administrative remedies because he filed an emergency grievance, and after six months he has not received a response. A lack of response could make the process unavailable. Thus, Coleman's claims shall proceed, and Defendants may raise exhaustion as an affirmative defense if they choose to do so.

Kimberly Hvarre (in her official capacity only), to respond to Coleman's motion (Doc. 2) and to implement any injunctive relief that may be awarded in this case.

## Disposition

For the reasons stated above, Counts 1 and 2 shall proceed against Dr. Montgomery. Warden Kimberly Hvarre is **ADDED** to the case, in her official capacity only, for purposes of responding to Coleman's motion for preliminary injunction (Doc. 2).

The Clerk of Court shall prepare for Dr. Montgomery and Kimberly Hvarre (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Coleman. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Coleman, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Local Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order**. Defendants also shall respond to Coleman's motion for preliminary injunction within **14 days** of service of the pleadings in this case.

Because Coleman's claims involve his medical care, the Clerk of Court is **DIRECTED** to enter the Court's standard HIPAA Qualified Protective Order.

If judgment is rendered against Coleman, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Coleman is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 18, 2026**

Nancy J. Rosenstengel

**NANCY J. ROSENSTENGEL**
**United States District Judge**

**Notice to Plaintiff**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**